# EXHIBIT F

**State Release**

**I.     Covered Conduct**

For purposes of this Release, the term "Covered Conduct" means residential mortgage loan servicing and residential mortgage foreclosure services, as defined below.  For the purposes of this Release, Released Parties shall include Ocwen Financial Corporation and Ocwen Loan Servicing LLC (collectively "Ocwen") and Ocwen's current and former parent corporations, divisions, affiliates, direct and indirect subsidiaries, agents, advisors, shareholders, managers, members, partners, directors, officers, and employees.  The Released Parties shall also include Homeward Residential Holdings, Inc., Litton Loan Servicing LP, WL Ross & Co. LLC, and The Goldman Sachs Group, Inc., and each of their respective current and former, direct and indirect parent entities, divisions, affiliates, direct and indirect subsidiaries, shareholders, as well as each of the current and former agents, advisors, managers, members, investors, partners, directors, officers, and employees of each of the foregoing, but only as to liability for the Covered Conduct of Homeward Residential Holdings, Inc. and its direct and indirect subsidiaries or Litton Loan Servicing, LP and its direct and indirect subsidiaries. Additionally, the term Released Parties shall not include Altisource Portfolio Solutions, SA and its subsidiaries or Homeloan Servicing Solutions, LTD and its subsidiaries.

For purposes of this Section I only, the Released Parties are released from liability for the covered conduct acts of their agents (including, without limitation, third-party vendors).  This Release does not release the agents (including, without limitation, third-party vendors) themselves for any of their conduct.  For purposes of this Release, the term "residential mortgage loans" means loans secured by one- to four-family residential properties, irrespective of usage, whether in the form of a mortgage, deed of trust, or other security interest creating a lien upon

such property or any other property described therein that secures the related mortgage note. Notwithstanding any of the foregoing, this Release does not release any claims against OneWest Bank, Morgan Stanley, or any entity not a party hereto, regarding conduct relating to either (1) loans for which the servicing was acquired by Ocwen from OneWest Bank in the second half of 2013, or (2) loans acquired by Ocwen in the transaction wherein Ocwen Financial Corporation purchased substantial assets of Saxon Mortgage Services, Inc., from Morgan Stanley on April 2, 2012. Moreover, this Release does not release claims by the Commonwealth of Massachusetts for the obligations of Homeward Residential Holdings, Inc. pursuant to the Settlement Agreement entered into between American Home Mortgage Servicing, Inc. and the Commonwealth of Massachusetts with an effective date of November 6, 2011.

For purposes of this Release, the term "residential mortgage loan servicing" means all actions, errors or omissions of the Released Parties, arising out of or relating to servicing (including subservicing and master servicing) of residential mortgage loans from and after the closing of such loans, whether for the Released Parties' account or for the account of others, including, but not limited to, the following: (1) Loan modification and other loss mitigation activities, including, without limitation, extensions, forbearances, payment plans, short sales and deeds in lieu of foreclosure, and evaluation, approval, denial, and implementation of the terms and conditions of any of the foregoing; (2) Communications with borrowers relating to borrower accounts, including, without limitation, account statements and disclosures provided to borrowers; (3) Handling and resolution of inquiries, disputes or complaints by or on behalf of borrowers; (4) Collection activity related to delinquent borrower accounts; (5) Acceptance, rejection, application or posting of payments made by or on behalf of borrowers, including, without limitation, assessment and collection of fees or charges, placement of payments in

suspense accounts and credit reporting; (6) Maintenance, placement or payment (or failure to make payment) of any type of insurance or insurance premiums, or claims activity with respect to any such insurance; (7) Payment of taxes, homeowner association dues, or other borrower obligations, and creation and maintenance of any escrow accounts; (8) Use, conduct or supervision of vendors, agents and contract employees, whether affiliated or unaffiliated, including, without limitation, subservicers and foreclosure and bankruptcy attorneys, in connection with servicing, loss mitigation, and foreclosure activities; (9) Adequacy of staffing, training, systems, data integrity or security of data that is related to the servicing of residential mortgage loans, foreclosure, bankruptcy, and property sale and management services; (10) Securing, inspecting, repairing, maintaining, or preserving properties before and after foreclosure or acquisition or transfer of title; (11) Servicing of residential mortgage loans involved in bankruptcy proceedings; (12) Obtaining, executing, notarizing, endorsing, recording, providing, maintaining, registering (including in a registry system), and transferring promissory notes, mortgages, or mortgage assignments or other similar documents, or transferring interests in such documents among and between servicers and owners, and custodial functions or appointment of officers relating to such documents; (13) Decisions on disposition of residential mortgage loans, including, without limitation, whether to pursue foreclosure on properties, whether to assert or abandon liens and other claims and actions taken in respect thereof, and whether to pursue any particular loan modification or other form of loss mitigation; (14) Servicing of residential mortgage loans of borrowers who are covered by federal or state protections due to military status; (15) Licensing or registration of employees, agents, vendors or contractors, or designation of employees as agents of another entity; (16) Quality control, quality assurance, compliance,

audit testing, oversight, reporting, or certification or registration requirements related to the foregoing; and (17) Trustee functions related to the servicing of residential mortgage loans.

For purposes of this Release, the term "residential mortgage foreclosure services" means all actions, errors or omissions of the Released Parties arising out of or relating to foreclosures on residential mortgage loans, whether for the Released Parties' own account or for the account of others, including, but not limited to, the following: (1) Evaluation of accounts for modification or foreclosure referral; (2) Maintenance, assignment, recovery and preparation of documents that have been filed or otherwise used to initiate or pursue foreclosures, and custodial actions related thereto; (3) Drafting, review, execution and notarization of documents (including, but not limited to, affidavits, notices, certificates, substitutions of trustees, and assignments) prepared or filed in connection with foreclosures or sales of acquired properties, or in connection with remediation of improperly filed documents; (4) Commencement, advancement and finality of foreclosures, including, without limitation, any issues relating to standing, fees, or notices; (5) Acquisition of title post-foreclosure or in lieu of foreclosure; (6) Pursuit of pre- and post-foreclosure claims by the Released Parties, including, without limitation, the seeking of deficiency judgments when permitted by law, acts or omissions regarding lien releases, and evictions and eviction proceedings; (7) Management, maintenance, and disposition of properties in default or properties owned or controlled by the Released Parties, whether prior to or during the foreclosure process or after foreclosure, and executing, notarizing, or recording any documents related to the sale of acquired properties; (8) Quality control, quality assurance, compliance, audit testing, oversight, reporting, or certification or registration requirements related to the foregoing; and (9) Trustee functions related to the foreclosure of residential mortgage loans.

**II.     Release of Covered Conduct**

By their execution of this Consent Judgment, the Attorneys General of the Plaintiff States that are parties to this Consent Judgment release and forever discharge the Released Parties from the following: any civil or administrative claim, of any kind whatsoever, direct or indirect, that an Attorney General has or may have or assert, including, without limitation, claims for damages, fines, injunctive relief, remedies, sanctions, or penalties of any kind whatsoever based on, arising out of, or resulting from the Covered Conduct occurring on or before the Effective Date, except for claims and the other actions set forth in Section IV below (collectively, the "Released Claims").

This Release does not release any claims against any entity other than the Released Parties as defined in Section I above.

**III.    Covenants by Ocwen**

1.      Ocwen waives and shall not assert any defenses Ocwen may have to any criminal prosecution based on the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Release bars a remedy sought in such criminal prosecution.

2.      Ocwen agrees to cooperate with an Attorney General's investigation of individuals and entities not released in this Release.  For purposes of this covenant, cooperation shall not include any requirement that Ocwen waive the attorney-client privilege or any other applicable privileges or protection, included but not limited to the attorney work product doctrine.  Upon reasonable notice, Ocwen agrees not to impair the reasonable cooperation of its directors, officers and employees, and shall use its reasonable efforts to make available and

encourage the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals.  Ocwen agrees to waive objections to service for subpoenas from the Attorneys General of the Plaintiff States seeking documents and other information from Ocwen provided the subpoenas are served on Ocwen's registered agent.

3. These provisions are intended to supplement and do not supplant or in any way restrict the Attorney General Offices' subpoena power and investigatory authority under any state law.

**IV.     Claims and Other Actions Exempted from Release**

Notwithstanding the foregoing and any other term of this Consent Judgment, the following claims are hereby not released and are specifically reserved:

1. Securities and securitization claims based on the offer, sale, or purchase of securities, or other conduct in connection with investors or purchasers in or of securities, regardless of the factual basis of the claim, including such claims of the state or state entities as an owner, purchaser, or holder of whole loans, securities, derivatives or similar investments, including, without limitation, mortgage backed securities, collateralized debt obligations, or structured investment vehicles, and including, but not limited to, such claims based on the following:

   a. the creation, formation, solicitation, marketing, assignment, transfer, offer, sale or substitution of securities, derivatives, or other similar investments, including, without limitation, mortgage backed securities, collateralized debt obligations, collateralized loan obligations, or structured investment vehicles;

b. representations, warranties, certifications, or claims made regarding such securities or investments, such as representations, warranties, certifications or claims regarding origination, funding, and underwriting activities, and including the eligibility, characteristics, or quality of the mortgages or the mortgagors;

c. the transfer, sale, conveyance, or assignment of mortgage loans to, and the purchase and acquisition of such mortgage loans by, the entity creating, forming and issuing the securities, derivatives or other similar investments relating to such mortgage loans;

d. all servicing-, foreclosure-, and origination-related conduct, but solely to the extent that such claims are based on the offer, sale, or purchase of securities, or other conduct in connection with investors or purchasers in or of securities; and

e. all Covered Conduct, but solely to the extent that such claims are based on the offer, sale, or purchase of securities, or other conduct in connection with investors or purchasers in or of securities.

For avoidance of doubt, securities and securitization claims based on the offer, sale, or purchase of securities, or other conduct in connection with investors or purchasers in or of securities, that are based on any source of law, including, but not limited to, false claims acts or equivalent laws, securities laws, and common law breach of fiduciary duty, are not released.

2. Claims against a trustee or custodian or an agent thereof based on or arising out of the conduct of the trustee, custodian or such agent related to the pooling of residential mortgage loans in trusts, mortgage backed securities, collateralized debt obligations, collateralized loan obligations, or structured investment vehicles, including, but not limited to, the performance of trustee or custodial functions in such conduct.

3. Liability based on Ocwen's obligations created by this Consent Judgment.

4. Claims against Mortgage Electronic Registration Systems, Inc. or MERSCORP, INC.

5. Claims arising out of alleged violations of fair lending laws that relate to discriminatory conduct in lending.

6. Claims of state, county and local pension or other governmental funds as investors (whether those claims would be brought directly by those pension or other governmental funds or by the Office of the Attorney General as attorneys representing the pension or other governmental funds).

7. Tax claims, including, but not limited to, claims relating to real estate transfer taxes.

8. Claims of county and local governments and claims of state regulatory agencies having specific regulatory jurisdiction that is separate and independent from the regulatory and enforcement jurisdiction of the Attorney General.

9. Criminal enforcement of state criminal laws.

10. Claims of county recorders, city recorders, town recorders or other local government officers or agencies (or, for Hawaii only, where a statewide recording system is applicable and operated by the state, claims by Hawaii; and for Maryland, where the recording system is the joint responsibility of the counties or Baltimore City and the state, claims of the counties or Baltimore City and the state), for fees relating to the recordation or registration process of mortgages or deeds of trust, including assignments, transfers, and conveyances, regardless of whether those claims would be brought directly by such local government officers

or agencies or through the Office of the Attorney General as attorneys representing such local government officers or agencies.

11. Claims and defenses asserted by third parties, including individual mortgage loan borrowers on an individual or class basis.

12. Claims seeking injunctive or declaratory relief to clear a cloud on title where the Covered Conduct has resulted in a cloud on title to real property under state law; provided, however, that the Attorneys General shall not otherwise take actions seeking to invalidate past mortgage assignments or foreclosures in connection with loans serviced and/or owned by the Released Parties. For the avoidance of doubt, nothing in this paragraph 13 releases, waives or bars any legal or factual argument related to the validity of past mortgage assignments or foreclosures that could be made in support of claims not released herein, including, without limitation, all claims preserved under paragraphs 1 through 15 of Section IV of this Release.

13. Authority to resolve consumer complaints brought to the attention of Ocwen for resolution outside of the monitoring process, as described in Section H of the Enforcement Terms (Exhibit D).

14. Claims against Ocwen for reimbursement to mortgage borrowers:

   a. That represent: (i) a fee imposed upon and collected from a mortgage borrower by Ocwen and retained by Ocwen which fee is later determined to have been specifically prohibited by applicable state law (an "Unauthorized Fee"), provided that such determination of impermissibility is not predicated, directly or indirectly, on a finding of a violation of any federal law, rule, regulation, agency directive or similar requirement; and (ii) an actual overpayment by a borrower

resulting from a clear and demonstrable error in calculation of amounts due from said borrower; and

b.      That are not duplicative of any prior voluntary or involuntary payment to the affected loan borrower by Ocwen, whether directly or indirectly, from any State Payment or other source.