UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION, and OCWEN LOAN SERVICING, LLC,<br><br>Defendants. | Case No.: 1:13-cv-02025-RMC |

## DEFENDANTS' OPPOSITION TO BECKER'S MOTION TO INTERVENE

Ocwen Financial Corporation and Ocwen Loan Servicing, LLC (collectively, "Defendant" or "Ocwen") hereby respond to the Motion to Intervene filed Sonia Becker. Because Ms. Becker is untimely, lacks standing and does not have an interest relating to the subject of the action, the Court should deny her motion to intervene. In further support of its Opposition, Ocwen states as follows:

### BACKGROUND

This action was filed against Ocwen on December 19, 2013, by the Consumer Financial Protection Bureau ("CFPB") and the Attorneys General of forty-nine states and the District of Columbia (collectively, "Plaintiffs"). (Dkt. 1.) The Plaintiffs' complaint was filed pursuant to the Consumer Financial Protection Act of 2010, which provides litigating authority to the CFPB to address violations of federal consumer financial law, *see* 12 U.S.C. § 5564(a), and the authority conferred on the Plaintiff States by state and common law to enforce the consumer protection laws of their states. (*See* Compl. ¶¶ 3-4.) When Plaintiffs filed the Complaint, they

1

also filed a proposed Consent Judgment, agreed by all parties. (Dkt. 1-2.) The only parties to this action are the Plaintiffs and Ocwen. Neither Ms. Becker nor any individual mortgage borrower is a party to the litigation or the Consent Judgment.

On February 26, 2014, the Court entered the Consent Judgment reflecting settlement terms reached by the parties. (Dkt. 12.) The Court closed the case on February 27, 2014.

On March 11, 2014, Chris Wyatt filed a motion to intervene in this case claiming that the settlement "fail[ed] to provide all Ocwen Homeowners who were harmed as a result of Ocwen's wrongful servicing practices equitable and compensation." (Dkt. 13.) On May 15, 2014, the Court denied Wyatt's motion to intervene in part because "[a]llowing Mr. Wyatt to intervene at this late juncture would be prejudicial to the parties as it would disrupt a final judgment, involving a large and complex settlement, that had been in place for almost three months before Mr. Wyatt filed his motion." (Dkt. 15 (the "Wyatt Order").) The Court also explained that Mr. Wyatt could not claim actual injury from the Consent Judgment because the Consent Judgment preserves claims of individual homeowners. (*Id.*)

Similarly, on October 7, 2014, Christopher Stoller filed a motion to intervene in this case purportedly to "enforce" the Consent Judgment in hopes of avoiding foreclosure on property he allegedly owned in Arizona. (Dkt. 20). On October 15, 2014, the Court denied Mr. Stoller's motion because Mr. Stoller failed to satisfy the requirements for intervention as of right or permissive intervention and because Mr. Stoller's motion would prejudice the parties, as it would disrupt a final judgment involving a large and complex settlement. (Dkt. 21 (the "Stoller Order").) In doing so, the Court noted that "this case dealt with mortgage servicing, origination, and certification in general and *not* with Mr. Stoller's property or mortgage in particular."

On November 4, 2014—over eight months after the Court entered the Consent

Judgment—Ms. Becker filed a motion to intervene in this case. (Dkt. 26.) In her motion, Ms. Becker claims that Ocwen is in violation of various provisions of the Consent Judgment due to Ocwen's allegedly inaccurate credit reporting and payment processing activities on Ms. Becker's mortgage loan on property located in Virginia. (Dkt. 26-1 at pp 11-22). According to Ms. Becker, she now seeks to intervene "for the limited purpose and with the limited scope of clarifying [two issues], for enforcement of the existing terms of the existing Consent Order, and/or holding Ocwen Loan Servicing LLC in contempt." (Dkt. 26 at p. 4). For the same reasons the Court denied Mr. Wyatt's and Mr. Stoller's motions, Ms. Becker should not be allowed to intervene.

## ARGUMENT

Ms. Becker's motion should be denied because she is not a party to the litigation and is not entitled to intervention by right or permission. As this Court has stated, "Intervention is not ordinarily allowed after entry of judgment, unless unique circumstances are presented, such as where the intervenor's interests were inadequately represented." (Wyatt Order at 4). Ms. Becker presents no such unique circumstances. Rather, she requests that she be permitted to intervene to enforce the terms of the Consent Judgment in this case and to hold Ocwen in contempt for its allegedly deficient credit reporting and payment processing activities on Ms. Becker's mortgage loan account. (Dkt. 26 at p. 4). Because she has no interest relating to the litigation and has not asserted any claim or defense, much less one sharing a common question of law or fact with the Plaintiffs' action, Ms. Becker is not entitled to intervention by right or permission. For that reason, her motion to intervene should be denied.

I. **Ms. Becker is not entitled to intervene by right because she does not have an interest relating to the subject of the action and has not filed a timely motion to intervene.**

Upon motion, an applicant may intervene by right in a federal action where (1) her

3

motion is timely, (2) she "claims an interest relating to the property or transaction that is the subject of the action," (3) she is "so situated that disposing of the action may as a practical matter impair or impede [her] ability to protect that interest," and (4) her interest is not "adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2); *Fund for Animals v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); Wyatt Order, pp. 3-4. Ms. Becker has not filed a timely motion to intervene, does not have an interest relating to the subject of the action and would not be impeded in protecting her asserted interests if her motion were denied. Accordingly, she may not intervene by right.

Ms. Becker does not have a personal interest with regard to the subject matter of this action, which involves Ocwen's mortgage servicing practices in general and not the specific mortgage of any particular borrower or any particular property. This Court has denied numerous individual borrowers' motions to intervene for this very reason in another case involving a similar consent judgment related to mortgage practices. *See United States v. Bank of Am.*, Case No. 1:12-cv-00361, Order Denying Motion to Intervene (D.D.C. Apr. 5, 2013) (Collyer, J.) (Dkt. 62) (finding that the proposed intervenors "do not meet the standard for mandatory or permissive intervention" in part because "this case dealt with mortgage practices in general, and not any particular mortgages, and because the case has been resolved"); *United States v. Bank of Am.*, Case No. 1:12-cv-00361, Order Denying Motion to Intervene (D.D.C. Nov. 22, 2013) (Collyer, J.) (Dkt. 118) (same); *United States v. Bank of Am.*, 1:12-cv-00361, Opinion Regarding Motion to Intervene (D.D.C. Mar. 18, 2014) (Collyer, J.) (Dkt. 147) (denying motion to intervene and noting that a "district court acts within the bounds of its discretion when it chooses to deny intervention to avoid the risk of undoing a hard-won settlement"). Just as with the prior motions to intervene that this Court has denied, Ms. Becker's motion relates to one specific mortgage, not

4

Ocwen's general mortgage servicing practices.

Ms. Becker alleges that she took out a mortgage loan on property located in Virginia in November 2006. (Dkt. 26-1 at pp. 10-11). She further alleges that servicing of the mortgage loan was transferred to Bank of America in 2009 and then to Ocwen in November 2013. (*Id.*). She alleges that Bank of America and Ocwen—due to its failure to correct Bank of America's errors—are in violation of the Consent Judgment, by virtue of making inaccurate reports to the credit bureaus regarding the status of her loan and has failed to properly apply payments. (*Id.* at p. 11-18). While she contends that the issues she raises affect "hundreds of thousands of homeowners whose loans are being serviced by Ocwen," Ms. Becker makes no specific allegations with regard to Ocwen's actions or practices for any other mortgages. This Court has consistently held that individual borrowers whose mortgages were serviced by Ocwen are not entitled to intervene in this matter.

Ms. Becker also cannot establish that "disposing of the action may as a practical matter impair or impede [her] ability to protect [her] interest" or that her interest is not "adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2); *Fund for Animals*, 322 F.3d at 731. This settlement does not release the individual claims of *any* borrower harmed by Ocwen. *See* Dkt. 12-2, Borrower Payment Amount, at B-2 ("As a condition to receipt of any payments pursuant to this process, borrowers must agree that such payment shall offset and operate to reduce any other obligation Ocwen has to the borrowers to provide compensation or other payments. However, *borrowers shall not be required to release or waive any other right or legal claim* as a condition of receiving such payments.") (emphasis added); Dkt. 12-5, CFPB Release, at E-3 (subject to specific exceptions, "the CFPB fully and finally releases the Released Parties from all potential liability that has been or might have been asserted *by the CFPB* relating

to mortgage servicing practices described in the complaint") (emphasis added); Dkt. 12-6, State Release, at F-9 (specifically reserving and exempting from release all "[c]laims and defenses asserted *by third parties, including individual mortgage loan borrowers* on an individual or class basis") (emphasis added). Accordingly, this settlement does not impair or impede Ms. Becker's ability to protect her alleged interest in her mortgage account. Indeed, according to her motion, Ms. Becker has already filed suit on a prior occasion against Bank of America for the same allegations underlying her motion to intervene. (Dkt. 26-1 at p. 11).

Furthermore, to the extent Ms. Becker claims an interest in enforcing the terms and conditions of the Consent Judgment, courts around the country have held that borrowers and property owners do not have standing to enforce consent judgments like the one in this case. *See, e.g., Shatteen v. JPMorgan Chase Bank, N.A.*, 519 Fed. Appx. 320, 321 (5th Cir. 2013); *Adams v. Bank of New York Mellon*, 2014 WL 3850326, at *1 (D.N.H. Aug. 5, 2014) (collecting cases); *Chaves v. Bank of America, N.A.*, 2014 WL 3052491, at *2 (E.D. Tenn. Jul. 3, 2014) (collecting cases); *US Bank Nat'l Ass'n v. Flores*, 2014 WL 2959497, at *4 (S.D. Tex. Jul. 1, 2014) (collecting cases); *Lawrence v. Wells Fargo Bank, N.A.*, 2014 WL 2705425, at *6 (N.D.Cal. Jun. 13, 2014) (collecting cases); *Fontaine v. JPMorgan Chase Bank, N.A.*, 2014 WL 2000346, at *5 (D.D.C. May 16, 2014) (collecting cases); *United States v. Bank of Am.*, 1:12-cv-00361 (D.D.C. Mar. 18, 2014) (Collyer, J.) (Dkt. 147).

Finally, this motion is untimely. Ms. Becker filed her motion to intervene over eight months after the Court entered the Consent Judgment and seven months after Mr. Wyatt's untimely motion. (*See* Wyatt Order at p. 5.) Allowing Ms. Becker to intervene at this point would interrupt a hard-fought, negotiated settlement. Ms. Becker simply cannot satisfy the standard for intervention as of right, and her untimely and meritless motion is due to be denied.

**II.     Ms. Becker does not meet the standard for permissive intervention because she has no statutory right to intervene, has not asserted any claims or defenses, and has not filed a timely motion to intervene.**

Under Rule 24(b)(1), the Court may permit an applicant to intervene if the applicant is given a conditional right to intervene by statute or has a claim or defense that shares a common question of law or fact with the main action. Here, Ms. Becker has asserted no statutory right of intervention, conditional or unconditional. Likewise, as explained above, Ms. Becker has not asserted any claim or defense. Rather, Ms. Becker seeks to enforce the terms of an agreement to which she is not a party and does not have standing to enforce. Finally, Ms. Becker has not filed a timely motion to intervene and should not be afforded the opportunity to disrupt the settlement at this late date.

FOR THE FOREGOING REASONS, Ms. Becker's motion to intervene should be denied.

Respectfully submitted this 18th day of November, 2014.

/s/ J. Riley Key
Robert R. Maddox (D.C. Bar # 497495)
J. Riley Key (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8247
Facsimile: (205) 488-6247
rmaddox@babc.com
rkey@babc.com

1/2691560.1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on November 18, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record, and that a copy of the foregoing was served via U.S. Mail upon the following:

Larry Klayman, Esq.
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 200006

Jonathon Moseley, Esq.
91 Hickory Hills Circle SE
Lake Placid, Florida 33852

/s/ J. Riley Key
OF COUNSEL